■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD COLLINS, Appellant.—Judgment of the Supreme Court, New York County (Thomas Galligan, J.), rendered June 9, 1987, convicting defendant, upon a jury verdict, of third degree grand larceny and sentencing him to a term of imprisonment, as a second felony offender, of from 2 to 4 years, unanimously affirmed.

Seventy-six-year-old Ann Lader was shopping in a Manhattan Pathmark drugstore when she noticed defendant standing three feet away from her in the aisle. As she turned her attention to the store shelf, she felt a "nudge" on her shoulder bag. Lader then noticed that her bag had been opened and that her burgundy wallet, containing her identification, was missing. Upon this discovery, she observed defendant running out of the store and gave chase. Several pedestrians and uniformed police officers, who were nearby, joined in the pursuit which resulted in defendant's apprehension one block away from the scene. Lader identified defendant and her burgundy wallet, which was recovered from defendant's rear pocket. Later, at the precinct, defendant voluntarily stated that he had found the wallet on the floor, apparently attempting to minimize the criminality of his conduct.

Defendant contends that he was denied his right to a fair trial when, during summation, the prosecutor allegedly made inflammatory remarks, vouched for the credibility of his wit-

nesses and disparaged the defense and defense counsel. The claimed errors are, for the most part, unpreserved for appellate review (CPL 470.05 [2]). Moreover, a reversal of the judgment of conviction in the interests of justice is not warranted as the alleged prosecutorial errors do not deprive defendant of a fair trial (see, People v Roopchand, 107 AD2d 35, affd 65 NY2d 837). Concur—Carro, J. P., Kassal, Ellerin, Wallach and Rubin, JJ.